**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LUCAS ENTERTAINMENT, INC., § | |
| A NEW YORK CORPORATION, § | |
| PLAINTIFF, § | |
| § | |
| VS. § | |
| § | |
| AARON DAVIS § | C.A. NO.: 3:11-cv-01676 |
| § | |
| DEFENDANT. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Lucas Entertainment, Inc, by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

3.      This Court has personal jurisdiction over Defendant because Defendant is a resident of this State, including this District, and because Defendant's acts of copyright infringement occurred in this State, including this District.

**NATURE OF THE CASE**

4.      Defendant, Aaron Davis, unlawfully reproduced and unlawfully distributed a digital copy of Plaintiff's copyrighted motion picture, "*Kings of New York*" by means of a sophisticated file transfer technology called BitTorrent.  This technology is unique in that it is designed to be used by a *group* of people working together.  The Defendant in this case represents a member of such a group,

which is known as a BitTorrent "swarm."

## PARTIES

5. Plaintiff is an entertainment company, which produces, markets and distributes motion pictures on DVD and via the web in the United States and other territories. Plaintiff brings this action to stop Defendant from copying and distributing unauthorized copies of the motion picture, "*Kings of New York*" over the internet. Plaintiff is both the exclusive U.S. distributor and copyright owner of the motion picture in question, the copyright for which has been duly registered with the U.S. Copyright Office.

6. Defendant, Aaron Davis, is an adult male resident of Dallas, Texas.

## CLAIMS OF COPYRIGHT INFRINGEMENT

7. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 6 as if fully set forth herein.

8. Using a computer equipped with BitTorrent software, Defendant sought out a BitTorrent reference file (known as a ".torrent" file) named for Plaintiff's motion picture. Upon finding the file, Defendant downloaded it and loaded it into his BitTorrent program. This enabled Defendant to connect to the BitTorrent swarm that was "sharing" Plaintiff's motion picture. Defendant connected to this swarm and then began downloading Plaintiff's film, piece by piece, from other members in the swarm simultaneously and without Plaintiff's authorization. Every piece of the film that Defendant successfully downloaded was then made instantly available to new members joining the swarm and those pieces were uploaded to new members in a matter of seconds per piece.

9. The foregoing acts of infringement were willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

10. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief from Defendant pursuant to 17 U.S.C. § 504 and for its reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 505.

11. The conduct of Defendant caused and, unless restrained by this Court, may continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all copies of the copyrighted motion picture "*Kings of New York*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*Kings of New York*" and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election

of the Plaintiff.

c. For Plaintiff's costs.

d. For Plaintiff's reasonable attorney's fees.

e. For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Office: 469-248-5238